# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

### NO. 03-13-00283-CV

---

**J. D. S., Appellant**

**v.**

**Greg Abbott, Attorney General of the State of Texas, Appellee**

---

**FROM THE DISTRICT COURT OF TRAVIS COUNTY, 345TH JUDICIAL DISTRICT
NO. D-1-AG-12-001271,
HONORABLE ANGELITA MENDOZA WATERHOUSE, JUDGE PRESIDING**

---

### O R D E R

**P E R  C U R I A M**

Appellant filed a notice of appeal in April 2013. On June 27, 2013, the Clerk of this Court notified appellant that the clerk's record was due on May 24, 2013, and overdue. The Clerk requested that appellant make arrangements for the record and submit a status report regarding this matter by July 8, 2013. The Clerk also notified appellant that her appeal would be dismissed for want of prosecution if she failed to make arrangement or did not respond to this Court by that date. On July 8, 2013, this Court received but did not file appellant's motion for extension of time to file clerk's record. *See* Tex. R. App. P. 37.3(b); *see also* 3rd Tex. App. (Austin) Loc. Prac. 52 ("Motions for extension of time to file the clerk's or reporter's record are not permitted and will not be filed."). In the motion, appellant states that she is "currently working with the District Clerk's office to pay all fees associated with the Clerk's Record."

On August 6, 2013, this Clerk again notified appellant that the clerk's record was overdue and requested that appellant make arrangements for the record and submit a status report regarding this matter by August 16, 2013. The Clerk also notified appellant that her appeal would be dismissed for want of prosecution if she did not make arrangements or respond to this Court by that date. On August 14, 2013, this Court received but did not file appellant's motion for extension of time to file clerk's record. She again states that she is "currently working with the District Clerk's office to pay all fees."

This Court also received a letter from appellant on August 14, 2013. She states that she has requested the form for an affidavit of inability to pay from the District Clerk but has not received it yet and again asks for an extension of time. To date, appellant has failed to establish indigence. *See* Tex. R. App. P. 20.1(c)(1) ("An appellant must file the affidavit of indigence in the trial court with or before the notice of appeal."). We notify appellant of this deficiency and order that she has fifteen days from the date of this order to remedy the deficiency, *see id.* R. 20.1(c)(3) (requiring notice to appellant of deficiency and reasonable time to remedy), or to otherwise make arrangements for the clerk's record and to provide adequate notice to this Court of the arrangements. Failure to do so may result in dismissal of this appeal for want of prosecution. *See id*. R 37.3(b), 42.3(b), (c).

It is ordered August 29, 2013.


Before Justices Puryear, Rose, and Goodwin

2